[No. 2450.]

POSTEN    v.    THE    DENVER    CONSOLIDATED    TRAMWAY
COMPANY.

Practice—Nonsuit—Reversal—New   Trial—Directing   Verdict—
Law of Case.

Where a case was tried to a jury and at the close of plain-
tiff's testimony the court entered a judgment of nonsuit, which
judgment on review was reversed by the appellate court on the
ground that the evidence was sufficient to go to the jury, and on a
second trial the plaintiff's testimony was substantially the same
as on the former, it was error for the court to direct a verdict
for defendant at the conclusion of the evidence, although plain-
tiff's evidence was contradicted by the evidence for the defend-
ant, as the appellate court had already held plaintiff's evidence
sufficient to go to the jury, and the finding of the facts under
conflicting evidence and passing upon the credibility of the wit-
nesses and weight of the testimony was for the jury and not
for the court.

*Error to the District Court of Arapahoe County.*

Mr. W. HENRY SMITH and Mr. W. W. COVER, for
plaintiff in error.

Mr. CHARLES J. HUGHES, JR., and Mr. ALBERT
SMITH, for defendant in error.

THOMSON, P. J.

In this action the plaintiff, Manuel Posten,
sought to recover damages for injuries sustained by
him while attempting to alight from a car owned
and operated by the defendant company, on which
he was a passenger, through the negligence, as
alleged, of a servant and agent of the company. The
answer denied negligence on the part of the company,

and charged the plaintiff with contributory negligence. At the trial, after the plaintiff had introduced his evidence, defendant interposed a motion for a nonsuit. The motion was sustained, and judgment entered accordingly. The plaintiff brought the judgment here for review, and a reversal was adjudged. —Posten v. Denver Tramway Co., 11 Colo. App. 187.

In the opinion, delivered by Wilson, J., it was held that the evidence was not such as to warrant the trial court in concluding, as a matter of law, either that the plaintiff was guilty of negligence which directly contributed to his injury, or that the accident was not due to negligence of the company's servant in charge of the car.

At the ensuing trial, the evidence for the plaintiff was substantially the same as before; and the defendant answered the case which he made by the testimony of its own witnesses. At the conclusion of the evidence, the court directed a verdict for the defendant, and, as a result, the case is again here.

The testimony for the plaintiff was that between 11 and 12 o'clock at night on September 22, 1893, he boarded a car on Broadway, going north, with the intention of alighting at Curtis street, and paid his fare; that he told the conductor he wanted to leave the car at Curtis street; that two cars were coupled together, the first being the motor car; that he sat in the motor car near its forward end; that when near the point where he desired to leave the car, the conductor called out "Curtis street"; that the car then slackened its speed, and he rose and walked to the rear of the car, passing the conductor who was standing on the rear platform, and took his position on the lower step of the exit, where, after waiting a few seconds, he undertook to step off, when the conductor cried out "Stop," and seized him by the right arm, causing him to fall to the ground, where he was

struck by an iron bolt projecting through the steps of the rear car, thus receiving the injury complained of; that when he attempted to leave the car, he was facing at right angles with the line of motion of the car, but that the conductor, in seizing him, turned him around, and clung to him, so that he fell on his back, with his head toward the forward end of the car; and that at the time he undertook to leave the car, it was going very slowly. Before the plaintiff made his attempt to alight, another passenger on the same car came out upon the platform, descended the steps, and left the car without interruption by the conductor.

The conductor was a witness for the defendant. He said the plaintiff undertook to jump off backwards; that such a movement would have thrown him under the rear car; that he (witness) took hold of his arm or collar, and held on to him as long as he could, dragging him until he was pretty nearly across the street; and that at the time of the occurrence the car was going at the rate of about two miles an hour. The only noticeable difference between the testimony of the conductor and that of the plaintiff related to the plaintiff's position on the step; the conductor saying that he was facing backwards, and the plaintiff saying that he was facing at right angles with the line of motion of the car.

When the cause was here before, we held that the evidence for the plaintiff, as then laid before us, made a sufficient case for submission to the jury; and that it was error to order the nonsuit. The evidence for the plaintiff, taken at the last trial and preserved in the present record, varies in no material particular from the other; so that it also made a sufficient case for submission to the jury. We are not advised of the reasons which moved the court, after listening to the testimony of the defendant's witnesses, to

direct a verdict against the plaintiff. In view of our previous decision, we can account for the ruling only by supposing that, on the hypothesis of a material conflict in the evidence, the court conceived it might be well to relieve the jury of the trouble of finding the facts. But, if there was such material conflict, to find where the truth lay; or, in view of the attendant conditions and circumstances, to find whether the attempt of the plaintiff to descend from the car amounted to negligence; or to find whether the interference with the plaintiff by the conductor was proper or necessary, or, if it was, whether the latter exercised the requisite care in the performance of the duty; belonged, under suitable instructions, exclusively to the jury. The evidence was not such as to authorize the court to pronounce judgment upon it as a matter of law.

The judgment must be reversed.

*Reversed.*

*On Petition for Rehearing.*

*Per Curiam.*—A rehearing is asked on the ground that this cause has been tried three different times before three different judges, and that each judge, after hearing the witnesses and seeing their manner and demeanor on the stand, directed a verdict for the defendant. It is argued that the concurrence of these several judges, upon the question of the credibility of the witnesses, should conclude us. A number of cases are cited to the effect that the jury, or the court, where the trial is had before it without a jury, is the exclusive judge of the credit to which the witnesses are entitled. Those cases are not in point. This was not a trial before the judge alone. We do not know the grounds on which the court took the case from the jury. The opinion of the judge upon the truthfulness of the testimony

might or might not have influenced his action. But whether it did or not is immaterial. There was a jury, and the law committed the decision of the weight to which the testimony was entitled, to them, and not to the judge. It was not because he erred in his estimate of the value of the evidence that the judgment was reversed; but because he undertook to dispose of questions which he had no authority to determine at all, and upon which the jury only could pass judgment.

Petition for rehearing denied.